IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RANDY JOE HALL, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:06-CV-0225 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner RANDY JOE HALL has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner advises he is currently serving a 15-year sentence, assessed upon his December 10, 1990 conviction for the offense of burglary of a habitation out of Potter County, Texas. Petitioner has not clearly set forth the dates on which he was released from confinement on conditional release (parole), but he has averred his conditional release was revoked, on at least one occasion, and that he was returned to custody.

By this application, petitioner seeks to have his sentence credited with an unknown amount of time served for the period of time he was on conditional release, commonly referred to as "street time."[1] For the reasons hereinafter expressed, the undersigned United States

---

[1] The number of days of "street time" for which petitioner claims he is entitled to credit need not be determined as petitioner's claim is without merit as herein set forth.

Magistrate Judge is of the opinion petitioner's federal habeas application should be denied.

I.
PETITIONER'S ALLEGATION

In support of his contention that he is being held in violation of the Constitution and laws of the United States, petitioner presents the following ground:

> The forfeiture and denial of street time credit has unconstitutionally extended his sentence.

II.
STREET TIME AS CALENDAR TIME

Although it is not clear how much street time petitioner maintains he is constitutionally entitled to toward his 15-year sentence for the period of time he was out-of-prison on conditional release (parole), it is clear he argues he should have been released from prison on March 23, 2006. A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If allowed early release, the "street time" accumulated while on conditional release does not operate to reduce the sentence of a parole violator returned to prison. *See Starnes v. Connett,* 464 F.2d 524 (5th Cir.), *cert. denied,* 93 S.Ct. 341 (1972). Under federal law, a prisoner does not receive credit toward his calendar time for time spent on conditional release if the prisoner violates the conditions of his release. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). Likewise, Texas statutory law provides that an inmate serving the remainder of his sentence after the revocation of his conditional release does not receive credit for the time from the date of the person's release to the date of revocation. *See*

Tex. Gov't Code Ann. §§ 508.283(b) (previously Tex. Code Crim. Proc. Ann. art. 42.18 § 15(a)). The Texas and federal laws do not raise constitutional concerns. *Thompson v. Cockrell,* 263 F.3d at 426 (*citing Morrison v. Johnson,* 106 F.3d 127, 129 n. 1 (5th Cir. 1997)). Petitioner therefore does not have a liberty interest grounded in either state law or the federal Due Process Clause that would require respondent to credit petitioner with the street time he spent on parole. Petitioner has failed to state a federal constitutional violation so as to entitle him to federal habeas relief. Petitioner's claim should be DENIED.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner RANDY JOE HALL be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of October 2006.

*[signature: Clinton E. Averitte]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).